IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARTIN J. WALSH, SECRETARY OF LABOR,

    Plaintiff,

    v.

ALPHA TELEKOM, LLC, et al.,

    Defendants.

CIVIL NO. 19-2144 (CVR)

**OPINION AND ORDER**

On November 22, 2021, the Secretary filed a "Motion to Compel Discovery Responses and Documents" (Docket No. 41) averring that Defendants had failed to comply with their discovery obligations. After granting several extensions of time and full briefing by both parties, on January 11, 2022 the Court granted the Secretary's petition and ordered Defendants to comply with the outstanding discovery requests. (Docket No. 48). The Court's order was clear and included a list of what was to be provided. Defendants then asked for an extension of time to comply, which the Court granted. However, Defendants still failed to produce the requested discovery. As a result, thereof, on March 10, 2022, the Secretary filed a "Motion for Sanctions" seeking to penalize Defendants for their failure to abide by the Court's orders. (Docket No. 51). The Court granted the Secretary's motion because Defendants had failed to comply with the requested discovery and did not file an opposition. The Court held that, as a sanction for Defendants' non-compliance, it would draw an adverse inference that the information and documents that Defendants had failed to produce were unfavorable to them. The

Court also ordered the Secretary to submit an itemized account of the relevant costs and fees incurred in briefing this matter for the Court's consideration. (Docket No. 52).

The Secretary complied seeking $7,965.00 in attorney's fees and included his attorneys' curriculum vitas, suggested hourly rates, the time spent on each task, and the specific tasks performed. No costs were sought. (Docket No. 53).

On April 7, 2022, Defendants finally filed a "Motion to Alter and/or Amend Order and/or for Reconsideration" asking the Court to reconsider and vacate the order granting sanctions. Defendants argued that their lack of compliance was justified due to health issues suffered by counsel, and that they had produced most of the pending documents ordered by the Court. In addition, they stated that Plaintiff would not suffer any prejudice from granting the motion because "new evidence has been submitted and manifest injustice shall be prevented." (Docket No. 54).

The Secretary opposed this request, indicating that Defendants still had not complied with the Court's Order. In essence, the Secretary claimed that Defendants failed to produce the following: the 2018 federal tax return; certain allegedly privileged emails with their corresponding log; the Google drive documents; and key personnel emails.1 (Docket No. 55, p. 5).

After careful review, the Court cannot agree with Defendants.

---

[1] The Secretary clarified that Defendants produced a series of emails which were unreadable because the email server apparently blocked the downloading process of the email account, and counsel for Defendants seemingly failed to revise the information before it was produced to the Secretary. Thus, the Secretary avers that he received hundreds of pages containing an error message. An example was provided to the Court with the Secretary's opposition. (Docket No. 55-1).

**A. Failure to comply.**

Defendants seek to alter judgment and/or reconsideration under Fed. R. Civ. P. 59. Under said Rule, the Court must find that: (1) there was an intervening change in controlling law, (2) new evidence surfaced that not previously available, or (3) to correct clear error of law or prevent manifest justice. Rule 59, however, applies to petitions seeking new trials or to amend judgments. See Fed. R. Civ. P. 59. This is not the situation in this case. Thus, from the outset, Rule 59 is inapplicable to the issue before the Court.

Rule 60 seems to be more in line with Defendants' petition, which allows relief from a final judgment, order, or proceeding, "on motion and just terms". Fed. R. Civ. P. 60(b); Pérez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R.2013) (motions for reconsideration are generally considered under Rule 60 of the Federal of Civil Procedure). Under this rule, the Court may relieve a party from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been diligently discovered; (3) fraud; (4) a void judgment; (5) a previously satisfied judgment; (6) any other reason that justifies relief. Id. The Court finds none of these instances is present in this case. As such, to grant reconsideration under Rule 60 is not warranted.

Since there is no Federal Rule of Civil Procedure to justify Defendants' request, the same could be denied summarily without an explanation. However, the Court will explain its reasoning to deny Defendants' request for reconsideration on the merits.

The record shows that the Secretary sent a first set of interrogatories and

production of documents to Defendants on July 24, 2020. Defendants failed to fully comply with this request. Additional documentary evidence was later sought during the deposition of co-Defendant González in the summer of 2021, which Defendants also failed to comply with. Defendants posit in their motion that they fulfilled this production in April, 2022. That is to say, assuming full compliance (which the Secretary denies), it took Defendants almost two (2) years to comply with the discovery requests.

As to the reasoning provided now by Defendants in support of their petition, that counsel for Defendants had health issues, the Court must point out that the Secretary's motion to compel the outstanding discovery responses was filed in November 2021, six (6) months ago. Therefore, when counsel for Defendants became ill in February 2022, as stated in the motion, three (3) months had already passed since an official notice was filed with the Court that the discovery responses were incomplete, and one and a half (1 1/2) years since the request was initially made.

By March 10, 2022, when the Secretary filed the motion for sanctions, four (4) months had passed, and Defendants likewise failed to oppose said motion. The Secretary then filed his motion detailing the attorney's fees, as ordered by the Court, and Defendants again failed to file any opposition thereto. In fact, Defendants finally filed their opposition on April 7, 2022, that is three (3) days after the deadline to do so had passed. While the Court can sympathize with counsel's medical situation, the record is clear that the discovery requests have been pending for almost two (2) years, and even after a filing was made with the Court, Defendants still failed to comply with their

obligations for three (3) months before their counsel's health situation arose. Additionally, it is evident that the supplementation recently made by Defendants is still woefully incomplete.

Discovery and the duty to supplement is a basic obligation mandated by the Federal Rules of Civil Procedure and is applicable to all parties in civil litigation. See *e.g.,* Márquez-Marín v. Garland, No. 16-01706, 2021 WL 3553768, at *4 (D.P.R. Aug. 11, 2021) ("Federal Rule of Civil Procedure 26(e) imposes a continuing obligation to supplement a party's responses to discovery requests in a timely manner…"). Hence, it is difficult to understand why it took Defendants such an inordinate amount of time to comply with this simple duty. Even when granted a generous extension of time, Defendants still did not fully comply with the Court's Order, as detailed by the Secretary in his opposition, as hundreds of unreadable pages were produced instead of the emails, and key documents were missing.

Therefore, and evaluating the timeline of this case with a critical eye, the Court finds the long delay in providing the Secretary with the discovery requests made two (2) years ago to be unjustified. Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (a motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures). Defendants finally produced the outstanding discovery in April 2022, and even then, the Court's Order was not fully complied with. All these factors caused the Secretary to expend needless time and expense in handling the matter.

In sum, the Court finds no valid reasons to amend its previous ruling. Accordingly, Defendants' "Motion to Alter and/or Amend Order and/or for Reconsideration" is DENIED. (Docket No. 54).

**B. Attorney's fees.**

Courts generally calculate attorney's fees using the lodestar method. De Jesús Nazario v. Rodríguez, 554 F.3d 196, 207 (1st Cir. 2009). In so doing, the Court must first calculate the prevailing hourly rate, revise the time spent performing the various legal tasks, and finally subtracting those which are excessive, duplicative, or unnecessary. Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 326-27 (D.P.R. 2003). The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (*quoting* Blum v. Stenson, 465 U.S. 886, 895, n. 11, 104 S.Ct. 1541 (1984)); Top Entertainment v. Torrejón, 349 F.Supp.2d 248 (D.P.R. 2004) (fees awarded at local rate). "In reaching its determination, the court may rely upon its own knowledge of attorney's fees in the community." Rodríguez v. Int'l Coll. of Bus. and Tech., Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005) (*citing* Missouri v. Jenkins by Agyei, 491 U.S. 274, 285, 109 S.Ct. 2463 (1989)).

The Secretary submitted the curriculum vitas of Senior Trial Attorney Jason E. Glick, Trial Attorney Amanda M. Wilmsen, and legal intern Demitrios E. Kalomiris. Counsel Glick has approximately nine years of litigation experience, Counsel Wilmsen two and half years of litigation experience, and Mr. Kalomiris is currently a third-year law student. A rate of $225.00 was requested for Counsel Glick, $150.00 for Counsel

Martin J. Walsh v. Alpha Telekom LLC, et al.
Civil No. 19-2144 (CVR)
Opinion and Order
Page 7

Wilmsen and $100.00 for Mr. Kalomiris.

The Court finds these hourly rates to be reasonable and within the range of rates recently awarded in this district. See Navarro-Ayala v. Governor of Puerto Rico, 186 F. Supp. 3d 128, 137 (D.P.R. 2016) (collecting cases and applicable rates); J. Walter Thompson P.R., Inc. v. Lat. Am. Music Co., No. 17-1094, 2018 WL 7246980, at *3 (D.P.R. Oct. 11, 2018) ($250 hourly rate reasonable for senior litigation associate with eight years of experience). The hourly rates proposed by the Secretary's counsel are appropriate and therefore approved.

The Secretary also submitted detailed time records indicating the date, task description, and amount of time spent for each task spent because of Defendants' failure to comply with their discovery obligations.

In evaluating the appropriate fee amount, it has been established that a court may reduce attorneys' fees because of "(1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." Hernández-Meléndez v. Puerto Rico, No. 14-01493, 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014) (quoting Serrano v. Ritz–Carlton San Juan Hotel Spa & Casino, 808 F.Supp.2d 393, 398 (D.P.R. 2011). The Court finds that the number of hours expended by the Secretary's attorneys in these matters to be reasonable as the case was not overstaffed, and the time expended, and duties performed by the Secretary's attorneys were neither duplicative nor excessive. Additionally, the Secretary did not bill any costs

and reduced the hours by 12% to account for any arguably duplicative efforts, as detailed by Attorneys Glick and Wilmsen in their declarations. (Docket No. 53-1 and 53-2). For these reasons, the Court will not disturb the hours expended.

In conclusion, the Court finds that the Secretary has properly substantiated his petition for attorney's fees due to Defendants' non-compliance with discovery matters. Consequently, the Secretary's "Motion for Attorney Fees" in the amount of $7,965.00 is GRANTED. (Docket No. 53).

In compliance thereof, Defendants are ordered to send a certified check payable to Martin J. Walsh, Secretary of Labor c/o Mr. Jason E. Glick to the Secretary's address of record in this case, in the amount of $7,965.00. Payment is to be made on or before May 3, 2022.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 19th day of April 2022.

                                               S/CAMILLE L. VELEZ-RIVE
                                               CAMILLE L. VELEZ RIVE